

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-11141-GAO

SECURITIES AND EXCHANGE
COMMISSION,
Plaintiff,

v.

SG LIMITED, d/b/a
STOCKGENERATION,
Defendant,

and

SG PERFECT LIMITED and
SG TRADING LIMITED,
Relief Defendants.

## ORDER
May 22, 2002

O'TOOLE, D.J.

At the inception of this action, the Securities and Exchange Commission sought and obtained an injunction that, among other things, froze the assets of the defendants in certain banks in the United States and elsewhere, including Estonia. The defendants have moved for relief from the asset freeze to permit the use of $250,000 to pay for legal services in connection with the defense of this case. The SEC has opposed the motion.

Both sides refer to cases supporting, to varying degrees, their respective positions. What the cases principally demonstrate, however, is that such issues are to be resolved by evaluating the unique circumstances of each particular case.

I am not without sympathy to the defendants' request. Mounting an effective defense to a case such as this certainly requires resources, and the danger that the plaintiff could prevail not because of the merits of its case but because of its disablement of an effective defense cannot be overlooked.

Nevertheless, the defendants offer too little information to justify granting their request. While it appears that substantial assets have been frozen, the defendants do not provide any other facts about their financial resources. Before I could conclude that the frozen assets are the *only* realistic source of payment for defense costs, I would need to know much more about the defendants and their financial structure and resources. The generalized assertions that are offered are not enough. In the circumstances, it is not unfair to infer that financial details would not be helpful to the defendants, else they would have been provided. See Securities and Exchange Comm'n v. Cherif, 933 F.2d 403, 417 (7th Cir. 1991) (noting that adverse inference could be drawn "from the defendants' refusal to submit an accounting which would reveal which funds, if any, were not proceeds of the trading activity").

The defendants' Motion to Modify Asset Freeze Order (Docket No. 67) is DENIED.

The defendants shall answer the complaint and provide initial automatic discovery disclosures pursuant to Fed.R.Civ.P. 26(a)(1) not later than June 17, 2002.

May 22, 2002
Date

/s/ [signature]
District Judge